Demondza **HUNTER**, Plaintiff–
Appellant,

v.

**BALLARD; et al., Defendants–
Appellees.**

No. 14–56531.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 16, 2015.

Demondza Hunter, Corcoran, CA, pro
se.

Before: WALLACE, RAWLINSON,
and IKUTA, Circuit Judges.

MEMORANDUM **

Demondza Hunter, a California state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging Eighth Amendment
claims. We have jurisdiction under 28
U.S.C. § 1291. We review de novo.
*Hamilton v. Brown,* 630 F.3d 889, 892 (9th
Cir.2011) (dismissal under 28 U.S.C.
§ 1915A); *Lukovsky v. City & County of
San Francisco,* 535 F.3d 1044, 1047 (9th
Cir.2008) (dismissal under the applicable
statute of limitations); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998)
(order) (dismissal under 28 U.S.C.
§ 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed
Hunter's action because, even with the
benefit of statutory tolling due to incarceration, Hunter failed to file his action within
the applicable statute of limitations. *See
Canatella v. Van De Kamp,* 486 F.3d 1128,
1132–33 (9th Cir.2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal
law determines when a civil rights claim
accrues, which is "when the plaintiff knows
or has reason to know of the injury which
is the basis of the action" (citation and
internal quotation marks omitted)); *Jones
v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004)
(for claims accruing prior to 2003, California's statute of limitations was one year);
*see also* Cal.Code Civ. Proc. § 352.1(a)
(two-year statutory tolling for incarceration). Even taking into consideration California's discovery rule, Hunter's action was
still untimely.

The district court did not abuse its discretion in finding that equitable estoppel
did not apply to Hunter's action because
Hunter did not plead with particularity
that defendants fraudulently concealed any
facts that prevented Hunter from timely
filing this action. *See Lukovsky,* 535 F.3d
at 1051–52 (setting forth elements of California's doctrine of equitable estoppel);
*Guerrero v. Gates,* 442 F.3d 697, 706–07
(9th Cir.2006) (explaining that a plaintiff
"must plead with particularity the facts
which give rise to the claim of fraudulent
concealment" (citation and internal quotation marks omitted)); *Leong v. Potter,* 347
F.3d 1117, 1121 (9th Cir.2003) (setting
forth standard of review).

The district court did not abuse its discretion in denying Hunter leave to amend
his fraudulent concealment claim because

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

amendment would have been futile. *See Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

The district court did not abuse its discretion by denying Hunter's motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e) because Hunter failed to establish any ground warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or., v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.